In the Interest of MCPa Child















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-167-CV

IN THE INTEREST OF M.C.P., A CHILD

 

From the 220th District Court
Bosque County, Texas
Trial Court # 03-02-14400-BCFM
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Michael Parker filed a motion to modify the terms of a prior order regarding child custody
and child support. After a hearing, the court denied the motion, and Parker appealed.
Â Â Â Â Â Â The clerkâs record was filed in this Court on May 27, 2003. No reporterâs record was
filed because Parker failed to request preparation of the record. See Tex. R. App. P.
37.3(c)(2). The Clerk of this Court notified Parker by letter dated June 11, 2003 that the
appeal would be submitted on the clerkâs record alone unless he made a proper request for the
reporterâs record within ten days thereafter (Monday, June 23). Id. Parker failed to comply. 
Â Â Â Â Â Â Accordingly, the Clerk sent the following notice to Parker on July 9, 2003:
Pursuant to Rules 38.8(a)(1) and 42.3 of the Texas Rules of Appellate Procedure, you
are notified that the Court may dismiss this appeal for want of prosecution unless,
within ten days of this letter, the appellant or any party desiring to continue the appeal
files with this court a response showing grounds for continuing the appeal.

Â Â Â Â Â Â Appellate Rule 38.8(a)(1) provides that if an appellant fails to timely file a brief, the Court
may:
dismiss the appeal for want of prosecution, unless the appellant reasonably explains
the failure and the appellee is not significantly injured by the appellantâs failure to
timely file a brief.

Id. 38.8(a)(1).
Â Â Â Â Â Â The Court has received no brief or other response to the July 9 notice. Therefore, this
appeal is dismissed for want of prosecution. Id. 38.8(a)(1).
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
Before Justice Vance,
Â Â Â Â Â Â Justice Gray, and
Â Â Â Â Â Â Senior Justice Hill (Sitting by Assignment)
Dismissed for want of prosecution
Opinion delivered and filed August 20, 2003
[CV06]



mal style='text-align:justify;text-indent:.5in;line-height:200%'>Lieutenant Jason Westmoreland, with the Ellis
County Sheriffs office, testified that he interviewed Macy Martin as part of
his investigation of the burglary at the JonesÂs house.Â  Lieutenant
Westmoreland asked Macy if she had any information about coins.Â  Macy told
Lieutenant Westmoreland that her mother, Christy, and Mott sold some coins at
the Dallas Gold and Silver Exchange.Â  Macy also told Lieutenant Westmoreland
that Mott was driving a white Chevrolet pickup.Â  

Lieutenant Westmoreland obtained surveillance
video from the Dallas Gold and Silver Exchange.Â  He identified Mott and Christy
in the video.Â  The day after the burglary of the JonesÂs house, Mott sold
gaming coins and a gold Krugerrand to the Dallas Gold and Silver Exchange.Â  

Lieutenant Westmoreland obtained a warrant for
MottÂs arrest.Â  He executed the search warrant near a pawnshop where Mott was
attempting to sell a four-wheeler ATV.Â  Mott was driving a black Ford pickup
that had been reported stolen.Â  Lieutenant Westmoreland found various documents
in the pickup including titles to various vehicles.Â  He also found an altered
driverÂs license.Â  Lieutenant Westmoreland testified that Mott had on his
person a driverÂs license with his picture, but another personÂs name.Â  The
State offered into evidence a picture of MottÂs driverÂs license with the
picture cut out.Â  The State also offered into evidence the driverÂs license of
another person with MottÂs picture taped onto the license.Â  MottÂs license had
been suspended, but the other license containing MottÂs picture was valid.

Kay Jones testified that after hearing that an
arrest had been made in the burglary of her home, she asked to see a picture of
the person arrested.Â  Kay testified that she recognized the person in the
photograph shown to her.Â  Kay stated that that person had come to her house
approximately a week before the burglary.Â  The person rang the doorbell, but
Kay did not answer the door.Â  Kay observed the person through a window near the
door.Â  

Mott argues that there is no physical evidence
linking him to the burglary.Â  Circumstantial evidence is as probative as direct
evidence in establishing an actor's guilt.Â  Clayton v. State, 235 S.W.3d
at 778; Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).Â  Items
from the JonesÂs home were located in a white Chevrolet pickup linked to Mott.Â 
Mott sold various coins and a gold Krugerrand coin the day after the burglary, and
those items were taken from the JonesÂs home.Â  Viewing all of the evidence, we
find that there is sufficient evidence to support MottÂs conviction for
burglary of a habitation.Â  We overruleÂ  MottÂs first issue on appeal.

Ineffective Assistance of Counsel

To determine if trial counsel rendered ineffective
assistance, we must first determine whether Mott has shown that counsel's
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel's errors.Â  Strickland v. Washington,
466 U.S. 668 (1984).Â  We must indulge a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance, and
Mott must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.Â  Stafford v.
State, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991).Â  An allegation of
ineffective assistance must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness.Â  Thompson v.
State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Mott specifically argues that his trial counsel
was ineffective in failing to object to evidence of extraneous offenses and in
failing to move to suppress the suggestive pre-trial identification of Mott.Â  

Mott contends that his trial counsel was deficient
in failing to object to testimony about stolen items other than those belonging
to the Joneses recovered in the white Chevrolet pickup, testimony about items
in the black Ford pickup at the time of MottÂs arrest, testimony that the black
Ford pickup was reported stolen, and testimony of illegal drug use.Â  

Mott has not established that some of the complained
of evidence was inadmissible.Â  Mott was on trial for tampering with a
governmental record and, therefore, some of the complained of documents are not
clearly inadmissible.Â  See Tex. Â R.
Evid. 404(b). Â Trial counsel elicited testimony to discredit the evidence
identifying Mott as the person who committed the burglary.Â  Trial counsel
questioned Macy about her drug use and her motive to implicate Mott in the
burglary of the JonesÂs home.Â  Mott has not shown that his trial counselÂs
decisions were not based upon sound trial strategy.Â  See Scott v.
State, 57 S.W.3d 476, 484 (Tex. App.ÂWaco 2001).

Kay Jones testified that she asked to see a
picture of the person arrested for the burglary of her home.Â  Kay was not shown
a photo lineup for identification purposes.Â  Kay was not a witness to the
burglary.Â  Trial counsel thoroughly cross-examined Kay about her recollection
of the person at the door.Â  Trial counsel asked if the person had any tattoos,
and Kay stated that he did not.Â  Trial counsel introduced evidence that Mott
has a tattoo under his eye.Â  Mott has not shown that he received ineffective
assistance of counsel.Â  We overrule MottÂs second issue on appeal. 

Tampering
with a Governmental Record

Â Â Â Â Â Â Â Â Â Â Â  Mott brings three issues on appeal
challenging his conviction for tampering with a governmental record.Â  Mott
argues that the evidence is legally and factually insufficient to support his
conviction and that the trial court erred in denying his request for an
instruction on a lesser-included offense.

Sufficiency of the Evidence 

Â Â Â Â Â Â Â Â Â Â Â  We will review MottÂs sufficiency
argument under the standard set out in Jackson v. Virginia, 443 U.S. 307
(1979). Â A person commits the offense of tampering with a governmental record
if he knowingly makes a false entry in, or false alteration of, a governmental
record.Â  Tex. Penal Code Ann. Â§
37.10(a)(1) (Vernon Pamph. 2010).Â  Committing the offense with intent to
defraud or harm another increases the penalty range for the offense.Â  Tex. Penal Code Ann. Â§ 37.10(c) (Vernon
Pamph. 2010). Â The indictment alleged that Mott Âdid then and there, with
intent to defraud or harm another, namely, the State of Texas, knowingly make a
false alteration of a governmental record.ÂÂ  

Â Â Â Â Â Â Â Â Â Â Â  Mott argues there is no evidence
indicating his intent to use or present the altered driverÂs license in an
effort to defraud anyone.Â  Mott argues that the State was required to show he
used the license in order to prove intent to defraud or harm another.Â  

Â Â Â Â Â Â Â Â Â Â Â  The State can establish intent to
defraud or harm by circumstantial evidence.Â  Burks v. State, 693 S.W.2d
932, 936 (Tex. Crim. App. 1985); Wingo v. State, 143 S.W.3d 178, 187
(Tex. App.ÂSan Antonio 2004), affirmed, 189 S.W.3d 270 (Tex. Crim. App.
2006).Â  Mott was in possession of an altered driverÂs license.Â  Mott cut out his
picture from his suspended driverÂs license and attached it to another personÂs
valid license.Â  Such an act shows an intent to defraud the State of Texas as to
MottÂs identity and as to his possession of a valid driverÂs license.Â  The
evidence is sufficient to support MottÂs conviction.Â  

Â Â Â Â Â Â Â Â Â Â Â  Mott also challenges the sufficiency
of the evidence arguing that there is a material variance between the pleading
and proof.Â  A variance occurs when there is a discrepancy between the
allegations in the charging instrument and the proof at trial.Â  Gollihar v.
State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001).Â  We treat variance claims
as a problem with the sufficiency of the evidence.Â  Id.Â  A variance that
is not prejudicial to a defendant's substantial rights is immaterial.Â  Gollihar
v. State, 46 S.W.3d at 248.Â  In determining whether a defendant's
substantial rights have been prejudiced we consider whether (1) the indictment,
as written, informed the defendant of the charge against him sufficiently to
allow him to prepare an adequate defense at trial, and (2) whether prosecution
under the indictment as drafted would subject the defendant to the risk of
being prosecuted later for the same crime.Â  Id. 

When an intent to defraud is an element of an
offense, it is sufficient to allege an intent to defraud without naming the
particular person intended to be defrauded.Â  Tex.
Code Crim. Pro. Ann. 21.05 (Vernon 2009).Â  The State was not required to
allege in the indictment that Mott acted with intent to defraud the State of
Texas.Â  Mott contends that there is no proof that the State of Texas was harmed
or defrauded as alleged in the indictment resulting in a material variance.Â  

MottÂs driverÂs license was suspended by the State
of Texas.Â  Mott altered a driverÂs license to portray a license valid in the
State of Texas.Â  The indictment stated that Mott made a false alteration of a
governmental record by placing his photograph on the driverÂs license of
another individual.Â  Although the State was not required to allege that Mott intended
to defraud the State of Texas, the indictmentÂ  informed Mott of the charge
against him sufficiently to allow him to prepare an adequate defense at trial.Â 
We overrule MottÂs first and second issues.Â  

Lesser-Included Offense

Â Â Â Â Â Â Â Â Â Â Â  Mott requested a jury instruction on the lesser offense of tampering
with a governmental record without intent to harm or defraud another.Â 
Committing the offense with the intent to defraud or harm another increases the
penalty range of the offense.Â  A defendant is entitled to a charge on a lesser
offense only if the elements of the lesser offense are included within the
proof necessary to establish the offense charged and only if there is some
evidence that would permit the jury rationally to find that, if the defendant
is guilty, he is guilty only of the lesser offense.Â  See Rousseau v. State,
855 S.W.2d 666, 672 (Tex. Crim. App. 1993).

Â Â Â Â Â Â Â Â Â Â Â  The parties agree that the only
question before us is whether there is some evidence Mott is guilty only of the
lesser offense.Â  There is no evidence Mott altered the driverÂs license for any
purpose other than to portray that he possessed a valid license. The trial
court did not err in denying the requested instruction.

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  We affirm the trial courtÂs judgments.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Davis

Affirmed

Opinion
delivered and filed December 15, 2010

[CRPM]

Do
not publish